STATE OF IDAHO } ss
COUNTY OF KOOTENAI
FILED: 968198

REGINA M. McCREA
OWENS & CRANDALL, PLLC
1859 N. Lakewood Drive, Suite 104
Coeur d'Alene, Idaho 83814
Telephone: (208) 667-8989
Facsimile: (208) 667-1939
ISB # 6845

SUMMONS ISSUED
SEP 2 5 2009

2009 SEP 24 PM 3: 38

CLERK DISTRICT COURT

DEPUTY

Confirmation no: 095417

IN THE DISTRICT COURT OF THE FIRST JUDICAL DISTRICT OF THE STATE
OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| CHRISTINA KELLY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | CASE NO. CV- 7881<br><br>COMPLAINT FOR DAMAGES<br><br>FEE CATEGORY: A.1.<br><br>FEE: $88.00 |

Plaintiff, by and through her attorney of record, Regina McCrea of the firm

Owens & Crandall, PLLC, for claims of relief against Defendant, alleges as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.1   Plaintiff, CHRISTINA KELLY, is, and at all times material hereto was, an individual residing in the State of Idaho, Kootenai County.

1.2   Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, is a foreign insurance company authorized to conduct business in the state of Idaho.

1.3   All acts or omissions alleged herein occurred in whole or in part in Kootenai County, Idaho.

1.4   Jurisdiction in this court is proper pursuant to I.C. § 1-701 and I.C. § 1-705.

1.5   Venue is proper in this court according to I.C. § 5-404.

COMPLAINT FOR DAMAGES   -1               **ASSIGNED TO JUDGE HAYNES**

## II. RELEVANT FACTS

2.1 Defendant is an insurer as defined by I.C. § 41-103.

2.2 Defendant issued two accidental death policies (identified as Policy Nos. ADD9960 and ADD10900) to Bryan J. Kelly.

2.3 These policies designated the Plaintiff as Bryan Kelly's beneficiary.

2.4 On or about September 15, 2008, Bryan Kelly took a gunshot to his person while target shooting in the woods near his residence.

2.5 Plaintiff filed a claim for accidental death benefits, which Defendant denied. Thereafter, Plaintiff requested a review of that denial. Defendant once again denied the claim.

2.6 Plaintiff has satisfied and met all the conditions, terms and provisions for coverage and payment of benefits under the respective policies.

## III. CAUSE OF ACTION: BREACH OF CONTRACT

3.1 Plaintiff realleges and incorporates by reference all preceding allegations.

3.2 Defendant contracted to provide accidental death benefits in the event of such loss.

3.3 Defendant has breached these obligations by denying Plaintiff's claim and failing to pay the benefits due her.

3.4 Formal proof of loss has been made to Defendant, but the latter has refused to tender the amount due Plaintiff.

## IV. CAUSE OF ACTION: BREACH OF GOOD FAITH AND FAIR DEALING

4.1     Plaintiff realleges and incorporates by reference all preceding allegations.

4.2     Defendant owes a duty under Idaho law to perform its contract in good faith and to deal fairly with Plaintiff.

4.3     Defendant has not acted fairly and in good faith in performing its contract with Plaintiff, including but not limited to failing (1) to conduct a reasonable investigation and consider all available information before denying Plaintiff's claim; (2) to provide a reasonable explanation of the basis in the insurance policy in relation to the facts and applicable law for denial of the claim; and (3) failing to promptly settle this claim when liability has become reasonably clear.

4.4     Upon information and belief, Defendant engages in a pattern of bad faith through routinely denying legitimate claims and habitually failing to reasonably investigate claims.

4.5     Plaintiff is therefore entitled to an award of damages against this Defendant in an amount to be demonstrated at trial.

## V. CAUSE OF ACTION: CONSUMER PROTECTION ACT VIOLATIONS AND DECEPTIVE BUSINESS PRACTICES

5.1     Plaintiff realleges all of the foregoing paragraphs of her Complaint as if set forth in full.

5.2     Defendant committed unfair or deceptive acts in violation of Idaho's Consumer Protection Act by making, issuing, circulating or causing to be made, issued, or circulated policies containing illusory coverage.

5.3 Defendant represents its polices as providing accidental death benefits.

5.4 Defendant denied Plaintiff's claim on the basis that Bryan Kelly's death was not the result of an injury independent of all other causes.

5.5 Since death cannot result without a cause, the coverage provided by Defendant is illusory.

5.6 Defendant's misrepresentations of coverage are per se violations of Idaho's Consumer Protection Act.

5.7 Defendant's actions are further in violation of I.C. § 41-1302 and I.C. § 41-1329.

5.8 Defendant's refusal to pay Plaintiff's claim in accordance with the policies is intentional and unreasonable.

5.9 Defendant's intentional and unreasonable denial and delay in payment of this claim is in bad faith.

5.10 Plaintiff has been damaged by Defendant's acts and omissions in an amount to be proven at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Plaintiff be awarded a money judgment for damages against Defendant in a sum to be proved at the time of trial, but in excess of $100,000;

2. That Plaintiff be awarded her reasonable attorney's fees incurred in the prosecution of this action in at least the sum of $5,000 if judgment is entered by default, and for such other and further sums the court finds reasonable in the event

COMPLAINT FOR DAMAGES -4

this matter is contested. Plaintiff is entitled to reasonable attorney fees pursuant to Idaho Code Sections 12-120, 12-121, 41-1839, and Idaho law.

3. That Plaintiff be awarded its costs and expenses incurred herein, including prejudgment interest on the accidental death benefits.

4. That Plaintiff be awarded such other and further relief as the court may deem proper.

5. That Plaintiff receive a jury trial on all issues triable as of right by a jury.

6. Plaintiff reserves the right to amend this Complaint to request an award of punitive damages in accordance with I.C. § 6-1604.

DATED this 24 day of September, 2009.

OWENS & CRANDALL, PLLC.

By: _____
REGINA M. MCCREA, ISB #6845
Attorneys for Plaintiff

A True Copy
Attest:
Process Server
Christine L. Foran

COMPLAINT FOR DAMAGES   -5